# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:14-cv-00028-MR
# [CRIMINAL CASE NO. 1:97-cr-00310-MR-3]

| | |
|---|---|
| LEWIS DEAN GIBSON, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>) | **MEMORANDUM OF**<br>**DECISION AND ORDER** |

**THIS MATTER** is before the Court on an initial review of Petitioner's Motion to Vacate, Set Aside or Correct Sentence, filed pursuant to 28 U.S.C. § 2255 [Doc. 1]; Petitioner's Motion for Resentencing and Appointment of Counsel [Doc. 2]; and Petitioner's Motion to Amend [Doc. 3]. For the reasons that follow, Petitioner's motions will be denied and dismissed.

**I.    BACKGROUND**

On March 11, 1998, Petitioner was convicted following a jury trial in this District of one count of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846. He was sentenced to life imprisonment. [1:97-cr-00310, Doc. 379: Judgment in a

Criminal Case]. Petitioner filed a timely appeal to the United States Court of Appeals for the Fourth Circuit.

On appeal, and as is pertinent to his § 2255 motion, Petitioner argued that his sentence of life imprisonment should be vacated because the district court sentenced him "based upon an 'unidentifiable but unspecified' quantity of cocaine base." United States v. Gibson, 22 F. App'x 128, 130-31 (4th Cir. 2001) (unpublished) (quoting United States v. Cotton, 261 F.3d 397, 403 (4th Cir. 2001)) (internal citation omitted). The Court found that Petitioner was entitled to relief based on the Supreme Court's opinion in Apprendi v. United States, 530 U.S. 466 (2000). Since the jury made no finding as to drug quantities, Petitioner's maximum sentence was 20 years. 21 U.S.C. § 841(b)(1)(C)(1999).[1] The Court noted that the drug amount that the district court found to be attributable to Petitioner was not alleged in the indictment or submitted as an issue for the jury to decide beyond a reasonable doubt. In sum, the Court found that Petitioner was erroneously sentenced "for a crime for which he was neither indicted nor convicted." Gibson, supra. Based on the foregoing, the Court vacated Petitioner's sentence and remanded for resentencing in accordance with Apprendi, but affirmed his

---

[1] In Apprendi, the Supreme Court held that any fact, other than the fact of a prior conviction, which increased a defendant's statutory maximum must be alleged in the indictment and found beyond a reasonable doubt by the jury at trial. 530 U.S. at 490.

2

judgment in all other respects. On remand, the district court sentenced Petitioner to the statutory maximum of 240-months' imprisonment. [Id., Doc. 469: Amended Judgment].

Petitioner again appealed. In this appeal, Petitioner argued that his conviction and sentence of 240 months' imprisonment violated his constitutional rights because the indictment did not allege a specific drug amount. He further argued that the district court erred in making a determination regarding the drug quantities that were attributable to him because those facts should have been determined by a jury beyond a reasonable doubt. The Court rejected Petitioner's arguments, concluding that the 240-month sentence did not constitute a violation of Apprendi and that the District Court did not err in its determination regarding drug quantity. United States v. Gibson, 54 F. App'x 401 (4th Cir.) (per curiam), cert. denied, 538 U.S. 1047 (2003).[2]

Petitioner then filed the present § 2255 motion, which was received by the Court on February 3, 2014. [Doc. 1]. Thereafter, Petitioner filed a motion for resentencing and appointment of counsel [Doc. 2] and a motion to amend his § 2255 petition [Doc. 3].

---

[2] The Court later denied Petitioner's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). [See Case No. 1:97-cr-310 (W.D.N.C. Order, filed Nov. 7, 2008), aff'd, 319 F. App'x 259 (4th Cir. 2009) (unpublished)].

3

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

In his § 2255 motion to vacate, Petitioner argues that he is entitled to relief from his sentence based on the Supreme Court's recent decision in Alleyne v. United States, 133 S.Ct. 2151 (2013). In Alleyne, the Court overruled Harris v. United States, 536 U.S. 545, 568 (2002), in which the Court had held that judicial fact finding that increases a mandatory minimum sentence does not violate a defendant's Sixth Amendment right to a jury trial. In overruling Harris, the Court reasoned that any fact which increases a mandatory minimum sentence must either be admitted by the defendant or presented to a jury and established beyond a reasonable doubt. Alleyne, 133 S.Ct. at 2163.

Petitioner's criminal judgment became final in 2003 after the Supreme Court denied his petition for a writ of certiorari. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Congress has provided that a 1-year period of limitation shall apply to a motion under Section 2255. The limitation period shall run from the latest of—

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.28 U.S.C. § 2255(f)(1)-(4).

28 U.S.C. § 2255(f).

Petitioner's § 2255 motion was filed more than ten years after the Supreme Court denied his petition for a writ of certiorari. Petitioner contends that his § 2255 motion is timely based on <u>Alleyne</u> because the motion was filed within one year of the date that the Supreme Court issued the <u>Alleyne</u> opinion and the opinion is retroactively applicable to cases on collateral

5

review.[3]  While it is true that Petitioner did file his motion within one year of the date the Alleyne opinion was filed, this does not serve to render his § 2255 motion timely because the Supreme Court has not made Alleyne retroactive to cases on collateral review.  See Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013) ("Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000). The Justices have decided that other rules based on Apprendi do not apply retroactively on collateral review."); see also In re Payne, 733 F.3d 1027, 1029-30 (10th Cir. 2013) (agreeing with the Simpson Court that Alleyne is not retroactive to cases on collateral review); United States v. Condra, No. 1:05CR00050, 2013 WL 4678165, at *2 n.4 (W.D. Va. filed Aug. 30, 2010).

Petitioner also seeks the appointment of counsel to assist him in presenting his § 2255 motion to the Court.  [Doc. 2].  Prisoners have no constitutional right to counsel in a post-conviction proceeding.  Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987); Rouse v. Lee, 339 F.3d 238, 250 (4th Cir. 2003), cert. denied, 541 U.S. 905 (2004).  Nonetheless, the Court may appoint counsel to represent a habeas petitioner when the interests of justice so require and the petitioner is financially unable to obtain representation.

---

[3] It is apparent from Petitioner's pleadings that he understands the one-year limitations period and that consequently no warning need issue regarding *sua sponte* dismissal. See Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

See 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, Petitioner has failed to demonstrate that the interests of justice warrant the appointment of counsel. See United States v. Riley, 21 F. App'x 139, 141-42 (4th Cir. 2001). Accordingly, Petitioner's motion for the appointment of counsel shall be denied.

Finally, Petitioner moves to amend his § 2255 petition in order to provide further argument in support of relief. [Doc. 3]. Because the Court concludes that Petitioner's § 2255 motion is untimely, Petitioner's request to amend that motion shall be denied as moot.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Petitioner's motions should be denied.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the

correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**ORDER**

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate [Doc. 1] is **DENIED AND DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Resentencing and Appointment of Counsel [Doc. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Amend [Doc. 3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court declines to issue a certificate of appealability.

The Clerk is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: May 20, 2014

Martin Reidinger
United States District Judge